IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MARIA RAMIREZ and FRANCISCA GONZALEZ,<br>Plaintiffs,<br><br>v.<br><br>TRANSCARGA Y GANADO MORENO, SA DE CV, TGM LOGISTICS, INC., and MARCO ANTONIO MARTINEZ MORENO,<br>Defendants. | §§§§§§§§§§§ | Civil No. DR-18-CV-013-AM/VRG |



FILED
MAR 18 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## ORDER

Pending before the Court is the Report and Recommendation of the Honorable Victor R. Garcia, United States Magistrate Judge, filed July 30, 2018. (ECF No. 11.) In the report, Judge Garcia recommends that the Plaintiffs' Motion to Remand to State Court (ECF No. 8) be **GRANTED** and this matter be **REMANDED** to the 293rd Judicial District Court of Maverick County, Texas. This Report and Recommendation will be **ADOPTED**.

## I. BACKGROUND

This litigation arises from a motor vehicle accident that occurred in Maverick County, Texas on December 16, 2016. According to the Plaintiffs' Original Petition, Maria Ramirez was driving her 2004 Chevrolet Cavalier on North Veterans Boulevard in Eagle Pass with Francisca Gonzalez riding as a passenger when Marco Antonio Martinez Moreno, who was employed as a truck driver by Transcarga y Ganado Moreno S.A. de C.V. ("Transcarga") and TGM Logistics, Inc. ("TGM"), attempted to change lanes while driving a 1999 Freightliner tractor-trailer in the course and scope of his employment, and struck the Plaintiffs' vehicle. (ECF No. 1-1.) As a result, the Plaintiffs suffered injuries and damages and filed suit against the Defendants in the

293rd Judicial District Court in Maverick County, Texas. The Plaintiffs, who allege they are Texas citizens, assert causes of actions based upon the acts and omissions of the Defendant Martinez Moreno, alleged to be a Mexican citizen, and invoke a *respondeat superior* and agency theories of liability as to the Defendants Transcarga, alleged to be a Mexican corporation and citizen, and TGM, alleged to be a Texas corporation and citizen. The Plaintiffs additionally assert a negligence and negligence per se cause of action against all the Defendants and causes of action for negligent entrustment and negligent hiring against the Defendants Transcarga and TGM. The Plaintiffs seek monetary relief, including damages for physical pain and suffering in the past and future, past and future mental anguish, past and future medical expenses, past and future physical impairment, loss of earning capacity, loss of earnings, as well as past and future disfigurement.

On March 7, 2018, Transcarga and Martinez Moreno appeared by original answer in state court and shortly thereafter removed this suit based upon their claim that federal jurisdiction exists because there is a sufficient amount in controversy and diversity of citizenship among the parties. The Plaintiffs filed a motion to remand arguing that a remand is required because federal diversity jurisdiction over this action does not exist because TGM and the Plaintiffs are each Texas citizens. Additionally, the Plaintiffs contend that the removal is procedurally defective because all the served Defendants did not join in the removal. The Defendants did not respond to the motion to remand and their time to do so has expired.

## II. LEGAL STANDARD

No party has filed objections to the Report and Recommendation, and the fourteen-day deadline for an aggrieved party to file objections has expired. *See* 28 U.S.C. § 636(b)(1)(C) (2012) ("Within fourteen days after being served with a copy, any party may serve and file

written objections to such proposed findings and recommendations as provided by the rules of court."). Therefore, the Court need not conduct a de novo review of the pending matter. Rather, the Court need only review the report and recommendation to determine whether it is erroneous or clearly contrary to law. *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### III. ANALYSIS

In the present matter, Judge Garcia's findings and conclusions are neither erroneous nor contrary to law. Title 28 U.S.C. § 1332(a) provides that federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the suit involves "citizens of a State and citizens or subjects of a foreign state. . . ." 28 U.S.C. § 1332(a)(2) (2012). For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). "The removing party bears the burden of establishing that federal jurisdiction exists." *Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The Plaintiffs assert that they are domiciled in Texas and are therefore Texas citizens. In the notice of removal, Transcarga and Martinez Moreno agree that the Plaintiffs are citizens of Texas. Transcarga, Martinez Moreno, and the Plaintiffs are also in agreement that the Defendants Transcarga and Martinez Moreno are citizens of Mexico. As there is diversity between the aforementioned parties, the issue in this matter is the citizenship of TGM Logistics, Inc. and whether complete diversity exists.

The Plaintiffs allege in their original petition that TGM is a Texas corporation and a Texas citizen for purposes of diversity. The notice of removal does not indicate that the

Defendant TGM was ever served, and TGM appears not to have answered the original petition in state court. However, the Plaintiffs clearly name TGM as a Defendant, with separate and distinct causes of action asserted against it. Further, the notice of removal does not contest TGM's alleged Texas citizenship, nor does it claim that TGM was improperly or fraudulently joined. Since the Plaintiffs allege that the Defendant TGM is a citizen of Texas, and the Defendants do not dispute this allegation, it appears that TGM is a Texas corporation with Texas citizenship for diversity purposes. Because the Plaintiffs and TGM are Texas citizens, complete diversity between the parties does not exist. Accordingly, the Defendants Transcarga and Martinez Moreno have not met their burden to show the existence of federal jurisdiction in this matter, and the Plaintiffs' motion to remand should be granted.

## IV. CONCLUSION

Accordingly, the Report and Recommendation (ECF No. 11) is **ADOPTED** in full, and the Plaintiffs' Motion to Remand to State Court (ECF No. 8) is **GRANTED**.

SIGNED this 18th day of March, 2019.

ALIA MOSES
United States District Judge